IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO NICHOLS, #157833, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-903-TMH |
| | ) |
| BOBBY BARRETT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Antonio Nichols ["Nichols"], a state inmate, on October 15, 2012. In this complaint, Nichols references actions which he alleges occurred during a brief period of confinement at the Kilby Correctional Facility.

Pursuant to the orders of this court, the defendants filed written reports, supported by relevant evidentiary materials, including affidavits and other documents, in which they address the claims for relief presented by Nichols. The report and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. Specifically, the undisputed evidentiary materials indicate that the defendants did not act in violation of Nichols's constitutional rights. These documents demonstrate that Nichols's transfer to Kilby transpired due to a pending investigation of an inmate homicide, which occurred during Nichols's confinement at the St. Clair Correctional Facility. Based on his

potential involvement in the murder and due to his status as a life without parole inmate, Kilby officials assigned Nichols to a single cell in administrative segregation.  Nichols was at no time confined in the mental health unit at Kilby.  In addition, during his incarceration at Kilby, Nichols was permitted access to legal materials and retained the ability to access the courts as clearly demonstrated by his filing the instant cause of action.

After reviewing the defendants' written reports, the court issued an order directing Nichols to file a response to arguments set forth by the defendants.  *Order of March 7, 2013 - Doc. No. 32*.  This order advised Nichols that his failure to respond to the defendants' written reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**."  *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Nichols for filing a response in compliance with the directives of this order expired on March 27, 2013.  As of the present date, Nichols has failed to file a requisite response in opposition to the defendants' written reports.  In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action.  Nichols is an indigent inmate.  Thus, the imposition of

monetary or other punitive sanctions against him would be ineffectual.  Additionally, Nichols has exhibited a lack of deference for this court and its authority as he has ignored the directives of an order entered herein directing a necessary response.  It is likewise apparent that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

      A separate order will accompany this memorandum opinion.

      Done this 19th day of April, 2013.

      /s/ Wallace Capel, Jr.
      WALLACE CAPEL, JR.
      UNITED STATES MAGISTRATE JUDGE